**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

SHERI BUTLER BROCKINGTON,             Case No. 3:26-cv-00228-TAV-JEM
*on behalf of herself and others similarly situated*,

         Plaintiff,

vs.

MAPLE COVERAGE LLC,

         Defendant.

---

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO COMPLAINT OF DEFENDANT MAPLE COVERAGE LLC**

Defendant Maple Coverage LLC ("Maple") hereby answers the Complaint (the "Complaint") filed by plaintiff Sheri Butler Brockington ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1. Answering Paragraph 1 of the Complaint, Maple states that there are no allegations in Paragraph 1 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") speaks for itself and denies any allegations that are inconsistent therewith.

2. Answering Paragraph 2 of the Complaint, Maple states that there are no allegations in Paragraph 2 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the cited authorities speak for themselves and deny any allegations that are inconsistent therewith.

3. Answering Paragraph 3 of the Complaint, Maple admits that Plaintiff brings this action pursuant to the TCPA, but denies that it violated the TCPA, denies any liability to Plaintiff

DB1/ 160509355.1

and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent is entitled to actual damages, statutory damages, punitive damages, costs, attorneys' fees or any relief whatsoever.

4. Answering Paragraph 4 of the Complaint, Maple denies the allegations contained therein.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Maple lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Maple admits the allegations contained therein.

## JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Complaint, Maple does not challenge jurisdiction for purposes of this action only, but denies any liability to Plaintiff and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent, is entitled to any relief whatsoever from Maple. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration.

8. Answering Paragraph 8 of the Complaint, Maple does not challenge jurisdiction for purposes of this action only, but denies any liability to Plaintiff and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent, is entitled to any relief whatsoever from Maple. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the

right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration.

9. Answering Paragraph 9 of the Complaint, Maple does not challenge venue for purposes of this action only, but denies any liability to Plaintiff and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent, is entitled to any relief whatsoever from Maple. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

10. Answering Paragraph 10 of the Complaint, Maple states that there are no allegations in Paragraph 10 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and denies any allegations that are inconsistent therewith.

11. Answering Paragraph 11 of the Complaint, Maple states that there are no allegations in Paragraph 11 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1200(c)(2)speaks for itself and denies any allegations that are inconsistent therewith.

12. Answering Paragraph 12 of the Complaint, Maple states that there are no allegations in Paragraph 12 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.

## FACTUAL ALLEGATIONS

DB1/ 160509355.1

13. Answering paragraph 13 of the Complaint, Maple states that the allegations in Paragraph 13 consist of a legal conclusion to which no response is required. To the extent a response is required, Maple states that 47 U.S.C. § 153(39) speaks for itself and denies any allegations inconsistent therewith.

14. Answering Paragraph 14 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Maple denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Maple denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Maple states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

DB1/ 160509355.1

21.     Answering Paragraph 21 of the Complaint, Maple denies the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Maple denies the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Maple denies the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Maple denies the allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, Maple denies the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Maple denies the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Maple denies the allegations contained therein.

## CLASS ALLEGATIONS

28.     Answering Paragraph 28 of the Complaint, Maple admits that Plaintiff brings this action on her own behalf and purportedly on behalf of similarly situated individuals but denies that certification of any proposed class would be appropriate.

29.     Answering Paragraph 29 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

DB1/ 160509355.1

30.     Answering Paragraph 30 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**Numerosity**

31.     Answering Paragraph 31 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

32.     Answering Paragraph 32 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

33.     Answering Paragraph 33 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

34.     Answering Paragraph 34 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**Commonality**

35.     Answering Paragraph 35 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

36.     Answering Paragraph 36 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

DB1/ 160509355.1

**Typicality**

37.     Answering Paragraph 37 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**Adequacy of Representation**

38.     Answering Paragraph 38 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

39.     Answering Paragraph 39 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**Superiority**

40.     Answering Paragraph 40 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

41.     Answering Paragraph 41 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

42.     Answering Paragraph 42 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

44. Answering Paragraph 44 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

45. Answering Paragraph 45 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**<u>COUNT I</u>**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

46. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

47. Answering Paragraph 47 of the Complaint, Maple denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, Maple denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Maple denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Maple denies the allegations contained therein.

**<u>PRAYER FOR RELIEF</u>**

DB1/ 160509355.1

Answering the unnumbered paragraph titled "Prayer for Relief," Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

## JURY DEMAND

Maple acknowledges that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Maple alleges the following separate and distinct affirmative defenses on information and belief:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against Maple.

## SECOND AFFIRMATIVE DEFENSE

### (Binding Arbitration Agreement)

The Complaint fails to the extent that Plaintiff seeks to represent and/or include Maple customers as part of any putative class because the claims of such putative class members are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing class members' account(s) with Maple.

## THIRD AFFIRMATIVE DEFENSE

### (Prior Express Consent)

The Complaint fails to the extent Plaintiff, and/or any person she purports to represent, provided "prior express consent" within the meaning of the TCPA, for all messagess allegedly sent to Plaintiff's cellular telephone number, and the number of anyone she purports to represent.

## FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Maple alleges that the claims of Plaintiff and the putative class members are barred because the alleged conduct, in which Maple did not participate, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## FIFTH AFFIRMATIVE DEFENSE

### (Preexisting Commercial Relationship)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the parties' preexisting commercial relationship.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of laches.

DB1/ 160509355.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although Maple denies that Plaintiff, and/or any person she purports to represent, suffered any damages, to the extent any damages have been suffered, Plaintiff, and/or any person she purports to represent, failed to mitigate those damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff and the putative class members, which amount to and constitute a waiver and/or estoppel of their claims and any relief sought thereby.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff and the putative class members ratified the conduct alleged in the Complaint and therefore are barred from recovery against Maple.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

Plaintiff and the putative class members are barred from recovery in that any damage, injury and/or harm allegedly sustained by Plaintiff and the putative class members was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful

DB1/ 160509355.1

conduct of independent parties or their agents, and not the result of any act or omission on the part of Maple.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff and the putative class members failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff and the putative class members were proximately caused and contributed to by their own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

Maple is not legally responsible with respect to the damages that may be claimed by Plaintiff and the putative class members as a result of the matters alleged in the Complaint; however, if Maple is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-Maple parties, persons and entities, or the agents, servants and employees of such non- Maple parties, persons and entities, who contributed to and/or caused said damages, according to proof presented during trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The claims of Plaintiff and the putative class members for injunctive relief are barred because Plaintiff and the putative class members cannot establish, among other things, that there is no adequate remedy at law.

# FIFTEENTH AFFIRMATIVE DEFENSE

## (Reservation of Rights)

Maple expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Maple prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Maple recover its attorneys' fees and costs herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

*/s/ Michael C. Polovich*

Michael C. Polovich (TN BPR 33491)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone:  617.341.7700
Fax:  617.341.7701
michael.polovich@morganlewis.com

Attorneys for Defendant
    *Maple Coverage LLC*

DB1/ 160509355.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on June 18, 2026 via the Court's CM/ECF system.

*s/ Michael C. Polovich*

DB1/ 160509355.1

Case 3:26-cv-00228-TAV-JEM    Document 11    Filed 06/18/26    Page 14 of 14 PageID #: 52